IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON C. WILLIAMS, JR. #B-88932,   )<br>)<br>    Plaintiff,   )<br>)<br>   vs.   )<br>)<br>CAPT. THOMAS TRICE and   )<br>C/O COMPTON,   )<br>)<br>    Defendants.   ) | Case No. 14-cv-1246-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Byron C. Williams, Jr., an inmate currently incarcerated at Pontiac Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint relates to events that occurred while Plaintiff was a pre-trial detainee at St. Clair County Jail ("Jail"), in St. Clair, Illinois. Plaintiff claims that each Defendant used excessive force on him during the course of two separate and unrelated incidents. *Id*. at 5-8. Plaintiff seeks monetary damages against each Defendant.

### Merits Review Under 28 U.S.C. § 1915A

Accordingly, this case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). After carefully considering Plaintiff's allegations, the Court finds that the complaint survives preliminary review under § 1915A; however, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the claims will be severed into two separate lawsuits.

## Complaint

Plaintiff's complaint sets forth two incidents that occurred while he was a pre-trial detainee at the St. Clair County Jail. (Doc. 1). The first incident occurred in November 2012 on a day when the Jail was on lockdown. During the lockdown, two other inmates were temporarily placed in Plaintiff's cell. *Id*. at 5. The two inmates were agitated and began kicking the cell door. Another correctional officer told them to stop, which they eventually did and went to sleep. A couple of hours later, however, Defendant Trice entered the cell yelling obscenities and ordering all of the inmates, including Plaintiff, out of the cell. *Id*. Defendant Trice lined the inmates up along a wall and made them put their hands on their heads. *Id*. at 5. The complaint describes in detail how Defendant Trice physically assaulted and threatened Plaintiff. *Id*. at 5-6. After slapping Plaintiff in the back of the neck and kneeing him in the thigh, Defendant Trice used a K-9 dog to further threaten Plaintiff. *Id*. When Plaintiff tried to move away from the K-9

dog, which was positioned right in front of Plaintiff's face and was barking and showing its teeth, Defendant Trice pushed Plaintiff back into the dog's face. *Id*. at 6. Plaintiff began to cry and urinated on himself. *Id*. Following the incident, Plaintiff repeatedly requested medical treatment for a scratch on his forehead, but it was denied.[1]

The second incident occurred in April 2013 at the Jail. *Id*. at 7. This incident involved Defendant Compton. *Id*. According to the complaint, Plaintiff had been in the rec-cage watching television and singing songs to himself for about twenty minutes when Defendant Compton approached Plaintiff and stated, "Come on your ass going back cause your ass talking." *Id*. Plaintiff complied, but insisted that he had not been talking. *Id*. Another officer came to talk with Plaintiff about the incident and Plaintiff explained what happened. A few minutes later Defendant Compton returned to Plaintiff's cell with a violation report, which Plaintiff refused to sign. *Id*. Defendant Compton then ordered Plaintiff to cuff up. When Plaintiff asked what Defendant Compton was doing, Compton stated, "shut the fuck up lil bitch so, you're not going to sign shit." *Id*. Defendant then punched Plaintiff twice in the lower back kidney area, slammed Plaintiff to the ground, and kicked him twice in the head with his "combat boots." *Id*. Compton then placed a door key between his fingers and began punching Plaintiff multiple times in his stomach and ribs. *Id*. After other inmates heard Plaintiff screaming and began calling for help, Defendant Compton grabbed Plaintiff by the collar and said, "The next time I tell you to do something that's what you better do you fucking n*g**r!" *Id*. at 8. Defendant Compton then spit in Plaintiff's face and said, "You better be lucky I can't take you in the laundry room and beat you bloody like the old days." *Id*. Defendant Compton then kicked Plaintiff in the crotch area, removed the cuffs, and left Plaintiff lying in the floor of his cell.

---

[1] Plaintiff provides no further details regarding his request for medical care and makes no mention of a medical needs claim. Therefore, the Court will not address this issue.

**Legal Standard for Pre-trial Detainee Claims**

The claims in the present action arose while Plaintiff was being held as a pre-trial detainee at the St. Clair County Jail. His claims, therefore, arise under the Due Process Clause of the Fourteenth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)). *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Although the Seventh Circuit has made it clear that pretrial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners," the Seventh Circuit has also "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)).

**Discussion**

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that the complaint sets forth an actionable excessive force claim against Defendant Trice (Count 1) and an actionable excessive force claim against Defendant Compton (Count 2).

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Several factors are relevant

to this determination, including the need for force, the amount applied, the threat a guard reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir.2004). However, an inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, although not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, Plaintiff alleges that Defendant Trice and Defendant Compton each used excessive force against him on two separate and unrelated occasions without any apparent penological justification. The degree of force used and the reason for its use are factual determinations that cannot be resolved at the pleadings stage. Thus, Plaintiff may proceed on his excessive force claim against Defendant Trice (Count 1) and Defendant Compton (Count 2) at this time. However, because the claims are unrelated, the claims are subject to severance as discussed below.

## Severance of Claims

Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). Counts 1 and 2 of the complaint seek relief against, respectively, Captain Thomas Trice and Correctional Officer Compton. However, the claim asserted in Count 1 does not arise from the same transaction, occurrence, or series of transactions or occurrences as

the claim asserted in Count 2. The Seventh Circuit emphasizes that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the Court finds that the claim presented against Defendant Trice in Count 1 is not sufficiently related to the claim against Defendant Compton in Count 2 so as to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED** that the Court intends to sever Count 1 and 2. Count 2 will be removed from this case and opened as a new case. A new case number will be assigned and an additional filing fee will be assessed for this new case. If Plaintiff does not wish to proceed with this new case, he may dismiss the new case by following the instructions in the disposition section below.

### Pending Motion

The motion for leave to proceed *in forma pauperis* (Doc. 3) remains pending and shall be addressed by the Court as soon as Plaintiff submits his trust fund account statement for the 6-month period preceding the filing of this action. In an order dated November 25, 2014 the Court warned Plaintiff that he must submit this statement no later than forty-five days from the date of that order. (Doc. 4). Plaintiff is reminded that failure to comply with the Court's order (Doc. 4) shall result in dismissal of this action.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's excessive force claim (**COUNT 2**), which is unrelated to the excessive force claim in Count 1, is **SEVERED** into a new case. That new case shall be: Claims against **DEFENDANT COMPTON** for excessive force.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

      (1)     This Memorandum and Order
      (2)     The Original Complaint (Doc. 1)
      (3)     Plaintiff's motion to proceed *in forma pauperis* (Doc. 3)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing within 35 days (on or before January 8 2015). Before notifying the Court, Plaintiff shall consider whether he could re-file the dismissed case without running afoul of the applicable two-year statute of limitations for civil rights actions in Illinois. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $400.00 filing fee** in the new case.[2] Service shall not be ordered on Defendant Compton until after the deadline for Plaintiff's response.

**IT IS FURTHER ORDERED** that the *only claim remaining in this action is COUNT 1 against Defendant TRICE* for excessive use of force. This case shall now be captioned as: **WILLIAMS, Plaintiff, vs. TRICE, Defendant.**

**IT IS FURTHER ORDERED** that Defendant **COMPTON** is **TERMINATED** from *this* action with prejudice.

As to **COUNT 1**, which remains in the instant case, the Clerk of Court shall prepare for Defendant **TRICE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his

application to proceed *in forma pauperis* is granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 4, 2014**

                                                s/ MICHAEL J. REAGAN
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**